# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GEORGETOWN, LLC,

      Plaintiffs,

v.                                                       Case No. 16-12636

KOLBEH CAPITAL, LLC, et al.,

      Defendants.

_____/

## OPINION AND ORDER
### 1) SETTING ASIDE DEFAULT;
### 2) DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT;
### 3) DENYING DEFENDANTS' MOTIONS TO DISMISS; AND
### 4) ORDERING PLAINTIFF TO SHOW CAUSE

Pending before this court are Plaintiff's Motions for Default Judgment as to All Defendants. (Dkts. ##13, 14.) Also pending are two nearly identical Motions to Dismiss or Set Aside Default by Defendants Berkshire Hathaway, Inc., The Adelpour Group, Dennis Adelpour, and Kolbeh Capital, LLC. (Dkts. ##12, 18.) These Defendants have responded to Plaintiff's motion for default. (Dkts. ##17, 20.) Plaintiffs have also filed a response to the pending motions to dismiss, (Dkt. #18), and Defendants have filed replies, (Dkts. ##21, 22). After a review of the briefs, the court concludes that a hearing is unnecessary, as is any further briefing.[1] *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Plaintiff's motion for default judgment, set aside the clerk's

---

[1]Defendants Michael Hashemi and David Mirrafati have not filed motions or responsive briefings of their own, and the court concludes that they are unnecessary as well. Nothing in the record suggests that they were ever validly served the Summons or Complaint.

entry of default, deny Defendants' motions to dismiss without prejudice, and order Plaintiff to show cause for why the case should not be transferred to the Central District of California.

## I. BACKGROUND

Plaintiff is a Michigan Limited Liability Company bringing claims against Defendants who are all either individuals or entities based in California in connection with a contract for the sale of land in Beverly Hills, California. (Dkt. #1.) Plaintiff alleges that Defendants made misrepresentations as to the reason for the property's below-market price, claiming that it reflected the builder's unwillingness to complete the home following a divorce, when, in reality, the home had not been completed because it was subject to significant undisclosed liens. As a result, Plaintiff claims that it has lost its $82,500 deposit, which is "still sitting in escrow." Plaintiff filed its complaint on July 14, 2016, (Dkt. #1), and submitted requests for entry of default on August 16, 2016, purporting to have effected timely service against Defendants by attaching a copy of the complaint to an email addressed to the attorneys of Defendants Kolbeh Capital, LLC, The Adelpour Group, Dennis Adelpour, and Berkshire Hathaway, Inc. (Dkts. ##3, 4.) The clerk of the court has entered default against these Defendants. (Dkts. ##5, 11.)

Defendants argue that this court does not have personal jurisdiction over them because they were not properly served in accordance with Federal Rule of Civil Procedure 4, nor do they have sufficient minimum contacts with Michigan to be subject to personal jurisdiction within the state. In response, Plaintiff points out that it has complied with Federal Rule of Civil Procedure 5. It further argues that emails from Defendants' attorneys indicated that all correspondence on the matter was to be sent to

2

their attention, so Plaintiff complied with the requirements of Federal Rule 4(h)(1)(B) that service be delivered to an authorized agent. Moreover, it claims that Defendants have purposefully availed themselves of the forum state by contracting with a Michigan LLC.

Defendants also argue that venue is improper because the Eastern District of Michigan is not the location where any Defendant resides, is not a location where a substantial part of the events giving rise to the claim occurred, nor is it a venue of last resort as proper venue exists in California. Plaintiff responds that a substantial part of the events giving rise to the claim did occur in Michigan because the funds it placed in escrow are central to its claims and originated from a Michigan bank account.

Finally Defendants argue that the court should grant dismissal because the purchase agreement requires mediation and arbitration of all claims. In response, Plaintiff contends that it attempted in good faith to pursue mediation despite Defendants' intransigence, and the court should not enforce the arbitration provision because the agreement, tainted by fraud, is not enforceable against Plaintiff in any case.

## II. STANDARD

### A. Default Judgment

In order to obtain judgment by default, the proponent must first obtain a clerk's entry of default pursuant to Rule 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed. R. Civ. P. 55(b). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When evaluating a

motion to set aside a default, the court should consider three factors: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant lead to the default. *United Coin Meter Co., Inc. V. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1986) (citation omitted). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (citation omitted). Even where a court has entered a final judgment of default, "if service was improper, the default judgment is void and must be vacated[.]" *Hooker v. Goldstein & Associates, LLC*, No. 12-12232, 2013 WL 6163638, at *5 (E.D. Mich. Nov. 20, 2013) (citations omitted).

### B. Venue

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the plaintiff's complaint for improper venue. Fed. R. Civ. P. 12(b)(3). On a 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper. *Audi AG & Volkswagen of Am., Inc., v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). A civil case may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

28 U.S.C. § 1391(b). The court may examine facts outside of the complaint but must draw reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Audi*,

4

204 F. Supp. 2d at 1017.  If the court finds that venue is improper, it has the discretion

to decide whether the case should be dismissed or transferred to the district in which it

could have been brought. *Id.*; 28 U.S.C. § 1406(a).

### III. DISCUSSION

No doubt exists that Plaintiff has failed to effect valid service upon any of the

Defendants. Plaintiff's protestations that it has complied with the strictures of Federal

Rule 5 will not succeed. "Rule 4, not Rule 5, however, is applicable to service of the

Complaint and Summons." *Brown v. Oakwood Healthcare, Inc.*, No. 14-11398, 2015 WL

225729, at *1 (E.D. Mich. Jan. 16, 2015). Equally unavailing is the argument that

Plaintiff has complied with Federal Rule 4(h)(1)(B). This rule describes service on *the*

authorized agent of a corporation within a state; it does not validate service of the

complaint and summons upon *any* agent, employee, or even attorney of the defendant.

*See Jefferson v. United Car Company, Inc.*, No. 14-13749, 2015 WL 7208160, at *4

(E.D. Mich. June 11, 2015). Even if the attorneys whom Plaintiff emailed qualified as

"authorized agents," service cannot be effected through email alone as the Rule also

requires "mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Because

Defendants were not properly served, the clerk's entry of default was in error and will be

set aside. This also means that Plaintiff's motion for default judgment will be denied.

Plaintiff should move quickly as it has little remaining time to serve Defendants. *See*

Fed. R. Civ. P. 4(m).

It is also clear that venue in the Eastern District of Michigan is improper, but

venue would be proper in the Central District of California. Plaintiff's complaint indicates

that all of the Defendants are residents of California, but none are residents of Michigan. At least one Defendant, Dennis Adelpour, is a resident of the Central District of California. The property that is the subject of the contract at issue is located within the Central District of California. It is not enough that Plaintiff resides in Michigan or used money from a Michigan bank account; to hold otherwise would permit an end-run around the rules governing proper venue whenever, as is commonly the case, a Plaintiff suffered monetary injury within the forum state.

The record suggests that transfer to the Central District of California would likely be appropriate here. The interests of justice would appear to be better served by transfer than dismissal, as transfer will be more economical than requiring Plaintiff to re-file. Accordingly, the court will order Plaintiffs to show good cause for why this case should not be transferred to the Central District of California. Transfer likely renders Defendants' arguments regarding personal jurisdiction moot, though Defendants have not necessarily waived the right to raise these arguments with respect to the new forum. In the interest of permitting consistent adjudication by a single forum, this court will deny Defendants' motions to dismiss but grant them leave to re-file their motions if they so choose.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the clerk's entries of default (Dkts. ##5, 11) are set aside.

IT IS FURTHER ORDERED that Plaintiff's Motions for Default Judgment (Dkts. ##13, 14) are DENIED.

6

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss (Dkts. ##12, 18) are DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in a writing filed no later than **1:00 p.m. on November 10, 2016**, why the case should not be transferred to the Central District of California.

                         s/Robert H. Cleland

                         ROBERT H. CLELAND

                         UNITED STATES DISTRICT JUDGE

Dated:  October 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 13, 2016, by electronic and/or ordinary mail.

                         s/Lisa Wagner

                         Case Manager and Deputy Clerk

                         (313) 234-5522